# EXHIBIT B

Jeffrey M. Lenkov, Esq. (State Bar No. 156478)
  jml@manningllp.com
Ara Baghdassarian, Esq. (State Bar No. 307867)
  azb@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, GARFIELD BEACH CVS, LLC
(erroneously sued and served as CVS PHARMACY, INC.)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 22 2017

Sherri R. Carter, Executive Officer/Clerk
By: Shaunya Bolden, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| TERESA GARCES,<br><br>    Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC. and DOES 1 through 50 inclusive,<br><br>    Defendants. | Case No. BC647648<br><br>Hon. Benny C. Osorio, Dept. 97<br><br>**ANSWER TO UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>*Action Filed: 1/20/17*<br>*Trial Date: 7/20/18* |

COMES NOW Defendant, GARFIELD BEACH CVS, LLC (erroneously sued and served as CVS PHARMACY, INC.) and answering the unverified complaint on file herein, alleges as follows:

1.  Under the provisions of Section 431.30 of the California Code of Civil Procedure, each and every allegation, and all the allegations, and each cause of action in the Complaint, and the whole thereof, is denied; and it is expressly denied that as a direct and proximate result of any act or omission on the part of this answering defendant, that plaintiff sustained injury or damage in the amount alleged, or in any amount, or amounts, or at all.

### FIRST AFFIRMATIVE DEFENSE

2.  AS A FIRST AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this answering defendant alleges by way of a plea of comparative

1

**ANSWER TO UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL**

negligence that the plaintiff was negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, and that if this defendant is found to have been negligent, and if the plaintiff is entitled to recover damages against this answering defendant by virtue of the Complaint, this defendant prays that said recovery be diminished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff.

## SECOND AFFIRMATIVE DEFENSE

3.     AS A SECOND AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this defendant alleges by way of a plea of comparative negligence that the plaintiff was negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, or was the sole cause thereof, and that if the plaintiff is entitled to recover damages against this defendant by virtue of the Complaint, this defendant prays that said recovery be diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff.

## THIRD AFFIRMATIVE DEFENSE

4.     AS A THIRD AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that the incident mentioned in the Complaint and the alleged damages and/or injuries, if any, sustained by plaintiff were directly and proximately caused and contributed to by the negligence of a third party(ies) in that the said third parties did not exercise proper or necessary care or control over plaintiff at about the time of the happening of the incident complained of.

## FOURTH AFFIRMATIVE DEFENSE

5.     AS A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this defendant alleges that plaintiff had knowledge of the risks and hazards involved in the activity at the time and place of the alleged incident and voluntarily engaging therein thereby assumed the risks and hazards thereof.

///

///

### FIFTH AFFIRMATIVE DEFENSE

6. AS A FIFTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that if plaintiff is entitled to a joint judgment against this defendant and the remaining defendants, and each of them, this defendant prays that this Court order each of the judgment debtors to pay to plaintiff their proportionate share of the joint judgment, the judgment debtor's proportionate share having been determined by the trier of fact; and if this defendant is required to pay plaintiff a disproportionate share of any joint judgment, this defendant prays leave of this Court to seek contribution by motion against any other judgment debtor not paying the proportionate share allocated to any such defendant by the trier of fact.

### SIXTH AFFIRMATIVE DEFENSE

7. AS A SIXTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that plaintiff has failed to state facts sufficient to constitute a cause of action against defendant.

### SEVENTH AFFIRMATIVE DEFENSE

8. AS A SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof this defendant alleges that the injuries sustained, if any, were either wholly or in part, negligently caused by persons, firms, corporations, or entities other than this answering defendant, and said negligence is either imputed to plaintiff, by reason of the relationship of said parties to plaintiff and/or said negligence comparatively reduces the percentage of negligence, if any, by this answering defendant.

### EIGHTH AFFIRMATIVE DEFENSE

9. AS AN EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this answering defendant alleges that the Complaint, and all causes of action therein, are barred by the statute of limitations of the Code of Civil Procedure, including but not limited to C.C.P. Sections 337.1, 337.15, 338 and 340.

///

///

## NINTH AFFIRMATIVE DEFENSE

10.   AS A NINTH AND SEPARATE AFFIRMATIVE DEFENSE, to the Complaint and each cause of action thereof, this defendant alleges that payments have heretofore been made on behalf of defendant to plaintiff in an amount to be proved at trial without any admission of liability or responsibility for the incident herein sued upon or the injuries alleged sustained. Defendant is, pursuant to Insurance Code Section 11583, entitled to a credit in that amount against any settlement made or judgment rendered herein.

## TENTH AFFIRMATIVE DEFENSE

11.   AS AN TENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that any injury, damage or loss suffered by plaintiff was proximately caused by plaintiff's failure to use reasonable means to prevent aggravation of plaintiff's conditions and to use reasonable means to mitigate damages to plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

12.   AS AN ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that liability, if any, for all non-economic damages shall be allocated in direct proportion to each tortfeasor's percentage of fault. Civil Code, Section 1431, et seq.

## TWELFTH AFFIRMATIVE DEFENSE

13.   AS A TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that plaintiff has unreasonably failed to mitigate damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

14.   AS A THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this party was given no notice of any alleged dangerous condition on its property in time to rectify any such alleged condition prior to the injuries of the plaintiff.

///

///

## FOURTEENTH AFFIRMATIVE DEFENSE

15. AS A FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this answering defendant had no actual or constructive knowledge of the alleged dangerous or unsafe condition which plaintiff claims caused her injures.

## FIFTEENTH AFFIRMATIVE DEFENSE

16. AS A FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this answering defendant alleges that this subject action is frivolous and plaintiff and her attorney are liable for sanctions pursuant to C.C.P. Sections 128.5 and 128.7.

## SIXTEENTH AFFIRMATIVE DEFENSE

17. AS A SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this answering defendant had no ownership interest in, or control of, the premises and/or area whereat plaintiff claims to have been injured.

WHEREFORE, answering defendant prays that plaintiff take nothing by the Complaint; that answering defendant have judgment for costs of suit incurred herein; and for such further relief as this Court may deem just and proper.

DATED: February 21, 2017

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: _____
Jeffrey M. Lenkov, Esq.
Ara Baghdassarian, Esq.
Attorneys for Defendant, GARFIELD BEACH CVS, LLC (erroneously sued and served as CVS PHARMACY, INC.)

**DEMAND FOR JURY TRIAL**

Defendant, GARFIELD BEACH CVS, LLC (erroneously sued and served as CVS PHARMACY, INC.) hereby demands trial of this matter by jury.

DATED: February 01, 2017

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: _____
Jeffrey M. Lenkov, Esq.
Ara Baghdassarian, Esq.
Attorneys for Defendant, GARFIELD BEACH CVS, LLC (erroneously sued and served as CVS PHARMACY, INC.)

**PROOF OF SERVICE**
*Teresa Garces v. CVS*; Case No. BC647648
(Client Matter No. 3529-55217)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On February 21, 2017, I served true copies of the following document(s) described as **ANSWER TO UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

David M. Gonor, Esq.
Law Offices of Shaffer & Gonor
16255 Ventura Boulevard, Suite 1010
Encino, CA 91436
Tel: 818-783-3333
Fax: 818-783-3323
Email: dgonor@shaffergonorlaw.com
*Attorney for Plaintiff*

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 21, 2017, at Los Angeles, California.

_____
Evelia Izaguirre